UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | **2:21-cv-8235-DOC (MAA)** | Date: **March 1, 2023** |
| Title | **John Klein Sloatman III v. Kaelan Housewright et al.** | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause Why the Lawsuit Should Not Be Dismissed Pursuant to *Younger* or, Alternatively, For Lack of Federal Question Jurisdiction

### I.   INTRODUCTION

On October 18, 2021, Plaintiff John Klein Sloatman, III ("Plaintiff"), proceeding *pro se*, filed a Complaint against his ex-wife Kathryn Jean Thyne ("Thyne"), her son Kaelan Housewright ("Housewright"), and City of Los Angeles (the "City").[1] (Compl., ECF No. 1.) Upon Thyne and Housewright's motion, the Complaint was dismissed with leave to amend. (ECF Nos. 16, 37, 38.)

On June 15, 2022, Plaintiff filed a First Amended Complaint ("FAC"), which added defendant Adam Clay ("Clay").[2] (FAC, ECF No. 41.) Upon Thyne and Housewright's motion, the FAC was dismissed with leave to amend. (ECF Nos. 45, 51, 52.)

On October 22, 2022, Plaintiff filed a Second Amended Complaint ("SAC"), which is the operative pleading. (SAC, ECF No. 54.) The City and Clay filed Answers. (ECF Nos. 58, 66.) Thyne and Housewright filed a Motion to Dismiss the SAC ("Motion," ECF No. 55), which is fully briefed.

For the reasons below, the Court *sua sponte* raises the issue of subject matter jurisdiction.

---

[1] The Complaint also included defendant California Partnership to End Domestic Violence, who Plaintiff dismissed voluntarily. (ECF No. 40.)

[2] The FAC also added defendants Skip Doe and David AKA Pigeon, who Plaintiff dismissed voluntarily. (SAC 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-8235-DOC (MAA)**                                        Date: **March 1, 2023**

Title    **John Klein Sloatman III v. Kaelan Housewright et al.**

## II.    DISCUSSION

Federal courts have limited jurisdiction, and the burden of establishing jurisdiction is on the party claiming jurisdiction. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Federal courts have a duty to consider their subject matter jurisdiction *sua sponte*, whether the parties raise the issue or not. *See United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

Specifically, federal courts may raise the issue of *Younger* abstention *sua sponte* at any time. *Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655, 658 (9th Cir. 2020); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). In civil cases, *Younger* abstention is required when "state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). If these "threshold elements" are met, district courts then consider "whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id*. Exceptions to *Younger* abstention arise if bad faith, harassment or some other extraordinary circumstances in the state proceedings would make abstention inappropriate. *See Middlesex Cnty.*, 457 U.S. at 437.

Here, in recommending dismissal of the FAC for failure to comply with Federal Rules of Civil Procedure 8 and 9, the Court observed that "the only Defendants that the FAC offers any specific factual allegations about are Thyne and—albeit minimally—Clay." (ECF No. 51, at 9–10.) In the SAC, Plaintiff expands the factual allegations about Clay, including by attaching as Exhibit C a Juvenile Dependency Petition. (SAC Ex. C.)  However, the only actual factual allegations in the SAC concern Thyne and Clay, and to some extent, Housewright: Thyne making false domestic violence reports to police, locking Plaintiff out of the house, violating mutual restraining orders, and altering Plaintiff's medication; Housewright assisting Thyne; and Clay making false reports to police and child protective services.  (*See generally id*.)  The SAC alleges that Clay and Thyne made the false reports "to seek advantage in Clay's custody battle and Thyne's division of the family home." (*Id*. ¶ 64.)

It appears that the allegations and claims in this lawsuit arise from, and are related to, what may be ongoing state court actions involving Thyne (Plaintiff's ex-wife) and Clay (who the Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-8235-DOC (MAA)**                                              Date: **March 1, 2023**

Title     **John Klein Sloatman III v. Kaelan Housewright et al.**

explains is the ex-partner of Plaintiff's current wife, Maggie (Mot. 8)), which likely would be subject to *Younger* abstention.  Even if *Younger* abstention does not apply to this action, the Court questions whether there is federal question jurisdiction.

**III.   CONCLUSION**

The Court hereby **ORDERS** as follows:

(1)   Plaintiff must show cause in writing, by no later than **March 22, 2023**: (1) why the Court should not recommend that this lawsuit be dismissed based on *Younger* abstention; and (2) why the Court should not recommend that this lawsuit be dismissed based on lack of federal question jurisdiction.  Alternatively, Plaintiff may dismiss this action voluntarily by filing the attached Notice of Dismissal.

(2)   Defendants' brief, discussing Defendants' position on both issues and also responding to Plaintiff's arguments, is due **April 12, 2023**.

(3)   Plaintiff may file an optional reply brief no later than **April 26, 2023**.

(4)   The parties' briefs should not include any materials outside the SAC except (1) documents attached to the SAC, (2) documents incorporated by reference in the SAC, and (3) matters of judicial notice (including filings from another court) supported by a request for judicial notice.

(5)   **Plaintiff is advised that failure to comply with this Order will result in a recommendation that the lawsuit be dismissed for failure to prosecute and/or comply with court orders**.  *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**

It is so ordered.

Attachment

Notice of Voluntary Dismissal Form